IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STEPHEN BODNAR, et al., :
:
    Plaintiffs, :
:
v. : 3:12-CV-01337
: (JUDGE MARIANI)
NATIONWIDE MUTUAL INSURANCE :
COMPANY and AMCO INSURANCE :
COMPANY, :
:
    Defendants. :

## MEMORANDUM OPINION

On October 8, 2013, this Court heard oral argument on Defendant's Motion entitled "Motion re: Judicial Notice of Adjudicative Facts." (Doc. 43.) The Motion was filed in a lawsuit concerning Defendant Nationwide/Amco Insurance's alleged bad faith handling of Plaintiff Bodnar's insurance claim. Bodnar filed a claim for indemnification after one James Berry died while working on his property and after Berry's wife filed a lawsuit against Bodnar. However, because this Opinion is written primarily for the benefit of the parties, the Court will dispense with additional factual background.

Defendant's present Motion requested that the Court take judicial notice of three "facts," to wit:

1. During all relevant times, there has been a split in case law authority as to the definition of "employee" in Pennsylvania;

2. During all relevant times, there has been no "hard and fast" rule under Pennsylvania law for determining whether a particular relationship is that of employer-employee; and

3. During all relevant times, this Court had determined that the definition of "temporary worker" used in the insurance policy at issue is not ambiguous.

(Def.'s Mot. for Judicial Notice, Doc. 43, at 6.)

These issues could be vitally important to the resolution of this case. Nationwide argues that its delay in handling Bodnar's claim and its seeking a declaratory judgment of its duties with respect to such claim were both reasonable responses to an ambiguity in the law, as it was allegedly unclear whether the decedent Berry qualified as Bodnar's employee at the time of his death—in which case Bodnar would not be entitled to indemnification—or whether he was just a temporary worker—in which case Bodnar would be so entitled. But if the Court were to grant judicial notice, then the entire issue of whether Defendant acted reasonably could be short-circuited, because, if the Court were to pronounce the law "ambiguous," then it would be much easier for Defendant to argue that its actions in an unclear area of law were reasonable.

Nonetheless, the Court cannot agree that judicial notice is appropriate. It will therefore deny the motion, for the following reasons.

First, the Court cannot agree that the facts for which Defendant seeks notice are even "adjudicative facts" at all. The text of the judicial notice rule states:

> The Court may judicially notice a fact that is not subject to reasonable dispute because it: . . .
>     (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

FED. R. EVID. 201(b). Moreover, "[t]his rule governs judicial notice of an adjudicative fact only, not a legislative fact." *Id.* at 201(a). As the Advisory Committee Notes explain,

> Adjudicative facts are simply the facts of the particular case. Legislative facts, on the other hand, are those which have relevance to legal reasoning and the lawmaking process, whether in the formulation of a legal principle or ruling by a judge or court or in the enactment of a legislative body. . . . The usual method of establishing adjudicative facts is through the introduction of evidence, ordinarily consisting of the testimony of witnesses. If particular facts are outside the area of reasonable controversy, this process is dispensed with as unnecessary. *A high degree of indisputability is the essential prerequisite.*

FED. R. EVID. 201(a) advisory committee's notes (emphasis added).

However, the "facts" for which Defendant seeks notice appear much more like legal conclusions than they do "the facts of the particular case." Whether a rule is "hard and fast;" whether there is in fact a "split" in the case law; or whether courts have found a certain term to be unambiguous all relate to interpretations of case law, which is the essence of legal reasoning, and are excluded from the definition of adjudicative facts. For instance, even if we assume that certain courts have ruled inconsistently on certain matters, and that this "fact" is readily determinable, whether the difference in opinion

3

qualifies as a "split" rather than an application of generalized legal principles to varying sets of facts, resulting in decisions reaching different conclusions, is a question of fact driven judgment whose accuracy can certainly be questioned. Indeed, it is the role of lawyers and judges to question such propositions vigorously, through the adversarial process of litigation. Unlike basic factual issues of "who, what, when, where, why, and how," which are readily determinable and therefore appropriate for judicial notice, legal conclusions are by their very nature best resolved otherwise.

Second, even if these "facts" were indeed "adjudicative facts," for the Court to judicially notice them would not materially advance the resolution of the underlying issues, considering that the record is bereft of evidence that the ambiguities cited in any way motivated Defendant's conduct.

> To establish bad faith under [42 Pa. C.S.A. §] 8371, [the Pennsylvania Superior] Court has utilized a two-part test, both elements of which must be established by clear and convincing evidence: (1) the insurer lacked a reasonable basis for denying coverage; and (2) the insurer knew or recklessly disregarded its lack of a reasonable basis.

*Adamski v. Allstate Ins. Co.*, 738 A.2d 1033, 1036 (Pa. Super. Ct. 1999) (citing *Terletsky v. Prudential Prop. & Cas. Co.*, 649 A.2d 680 (Pa. Super. Ct. 1994)).

Accordingly, even assuming that ambiguity in the law would create a reasonable basis for withholding coverage from Bodnar, Defendant would have to show that this ambiguity actually influenced its decision. In other words, if Defendant actually acted

4

unreasonably, it cannot escape bad-faith liability just because an ambiguity exists in a general sense which caused a lack of clarity or predictability in the applicable law. A showing that the Defendant considered the law ambiguous and that such ambiguity motivated or at least substantially influenced the decisions Defendant made in this case regarding whether to afford or deny coverage, and after initially denying coverage, whether to adhere to this decision and to support it through continued declaratory judgment litigation for the period prior to the settlement of the claim of Danielle Berry on behalf of the Estate of James Berry, are facts which must be determined. This Court cannot resolve these issues in whole or in part through a grant of judicial notice. This would be true even if the facts that Defendant seeks to have judicially noticed were actually "adjudicative facts", which, as discussed above, they are not.

Therefore, the Court will deny Defendant's Motion. A separate Order follows.

Robert D. Mariani
United States District Judge