IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN BODNAR, et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | 3:12-CV-01337 |
| | : | (JUDGE MARIANI) |
| AMCO INSURANCE CO., | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

### I.   Introduction

Presently before the Court is a Motion for Reconsideration (Doc. 62) of a previous

Opinion by this Court which declined to take judicial notice of certain purported adjudicative

facts.  For the reasons discussed below, the Court will grant the Motion for Reconsideration

in part and deny it in part.

### II.   Procedural History

On September 6, 2013, Defendant Amco Insurance Company filed a Motion entitled

"Motion re: Judicial Notice of Adjudicative Facts" (Doc. 43).  The Motion requested that the

Court take judicial notice of the following "facts:"

    a. During all times relevant hereto, there has been a split in case law
       authority as to the definition of "employee" in Pennsylvania.
    b. During all times relevant hereto, there has been no "hard and fast rule"
       under Pennsylvania law for determining whether a particular relationship
       is that of employer-employee.
    c. During all times relevant hereto, this Court had determined that the
       policy's definition of "Temporary worker" is not ambiguous.

(Def.'s Mot. for Judicial Notice, Doc. 43, at 6.) As the Court noted in ruling on the Motion, these issues could be vitally important to the resolution of this case, which alleges that the Defendant insurance company acted in bad faith when it delayed settlement of an underlying lawsuit against its insured, Plaintiff Bodnar. (*See* Mem. Op., Oct. 15, 2013, Doc. 60, at 2.) If Defendant prevailed on the Motion and the Court pronounced these areas of the law ambiguous, then Defendant could much more easily claim that it acted in good faith when it delayed settlement of Plaintiff's underlying claim in the face of unclear law.[1]

However, the Court nonetheless denied the Motion for Judicial Notice. (*Id.* at 2.) It did so for two reasons. First, the Court held that "facts" for which Defendant sought notice were not "adjudicative facts" that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned" but rather were disputable legal conclusions. (*Id.* at 3 (quoting Fed. R. Evid. 201(b)(2).) It then found that, even if the "facts" at issue were indeed "adjudicative facts," for the Court to judicially notice them would not materially advance the resolution of the case, because the record was bereft of evidence that the ambiguities cited in any way motivated Defendant's conduct. (*Id.* at 4.) The Court elaborated:

> Accordingly, even assuming that ambiguity in the law would create a reasonable basis for withholding coverage from Bodnar, Defendant would have to show that this ambiguity actually influenced its decision. In other

---

[1] Contrary to Defendant's implications, (*see* Brief in Supp. of Def.'s Mot. for Recons., Doc. 70, at 6 n.1), the Court did not highlight the importance of Defendant's Motion or its tendency to lead to a speedy resolution of this case as a grounds for denying the Motion. It only noted these issues in order to put the Motion in proper context.

2

words, if Defendant actually acted unreasonably, it cannot escape bad-faith liability just because an ambiguity exists in a general sense which caused a lack of clarity or predictability in the applicable law. A showing that the Defendant considered the law ambiguous and that such ambiguity motivated or at least substantially influenced the decisions Defendant made in this case regarding whether to afford or deny coverage, and after initially denying coverage, whether to adhere to this decision and to support it through continued declaratory judgment litigation for the period prior to the settlement of the claim of Danielle Berry on behalf of the Estate of James Berry, are facts which must be determined. This Court cannot resolve these issues in whole or in part through a grant of judicial notice. This would be true even if the facts that Defendant seeks to have judicially noticed were actually "adjudicative facts", which, as discussed above, they are not.

(*Id.* at 4-5.)

Defendant then filed the instant Motion for Reconsideration. (*See* Doc. 62.) The Motion challenged only the second basis of the Court's Opinion, on the grounds that (1) in finding that "the record is bereft of evidence that the ambiguities cited in any way motivated Defendant's conduct," the Court improperly applied a subjective, rather than objective, standard to evaluating bad faith claims, (*see* Doc. 70 at 6-7), and (2) in supposedly requiring Defendant to show that ambiguity in the law influenced its decision to delay settlement, the Court shifted the burden of proof in establishing the bad faith claim from the Plaintiff to the Defendant, thus doing "substantial violence to [constitutional due process] protections" and creating "very nearly the functional equivalent of changing the criminal burden of proof to 'guilty until proven innocent,' and forcing the defendant to carry the burden of proving otherwise," (*see id.* at 10; Def.'s Reply Br. in Supp. of Mot. for Recons., Doc. 74, at 9).

3

The Court will now turn to the merits of these arguments. But first, it notes that, as discussed above, its original Opinion rested on two independent grounds for denying Defendant's underlying Motion. Nonetheless, Defendant only now challenges the second ground, and leaves the Court's finding that the "facts" at issue are not actually adjudicative facts unchallenged. Because this first ground remains unchallenged, Defendant's Motion for Judicial Notice would still remain denied even if the Court granted all of the relief that Defendant seeks. Thus, what follows is offered only to provide clarity to the parties and with the understanding that it can in no way change the procedural posture of this case.

## III.   Standard of Review

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).

Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.

*Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

4

## IV.   Analysis

### a.  Objective vs. Subjective Standards

First, Defendant argues that the Court's Opinion committed a clear error of law when

it "embrac[ed] a subjective view of the bad faith standard" when it held that "for the Court to

judicially notice [the relevant 'facts'] would not materially advance the resolution of the

underlying issues, considering that the record is bereft of evidence that the ambiguities cited

in any way motivated Defendant's conduct." (Doc. 70 at 6-7.) To the contrary, Defendant

argues, federal district courts in Pennsylvania have repeatedly held that if *any* reasonable

basis exists for delaying resolution of a claim, "even if it is clear that the insurer did not rely

on that reason, there cannot, as a matter of law, be bad faith." (*Id.* at 7-8 (quoting *Williams*

*v. Hartford Cas. Ins. Co.*, 83 F. Supp. 2d 567, 574 (E.D. Pa. 2000)).)

"The standard for bad faith claims under [Pennsylvania law] is set forth in *Terletsky*

*v. Prudential Property & Cas. Ins. Co.*, 437 Pa. Super. 108, 649 A.2d 680, 688 (1994),

*appeal denied*, 540 Pa. 641, 659 A.2d 560 (1995)." *Klinger v. State Farm Mut. Auto. Ins.*

*Co.*, 115 F.3d 230, 233 (3d Cir. 1997). That standard requires that "to recover under a

claim of bad faith, the plaintiff must show [(a)] that the defendant did not have a reasonable

basis for denying benefits under the policy and [(b)] that defendant knew or recklessly

disregarded its lack of reasonable basis in denying the claim." *Terletsky*, 649 A.2d at 688.

In the *Williams* case, cited by the Defendant above, the District Court for the Eastern District

of Pennsylvania held that the first prong of the test cited in *Klinger* and *Terletsky* "is an

5

objective one: that is if there is a reasonable basis for delaying resolution of a claim, even if it is clear that the insurer did not rely on that reason, there cannot, as a matter of law be bad faith." *Williams*, 83 F. Supp. 2d at 574.

It is somewhat unclear what precedential value *Williams* has. Though it was affirmed by the Third Circuit, that affirmance was without opinion, thus shedding little light on the Circuit's reasoning. *See Williams v. Hartford Cas. Ins. Co.*, 261 F.3d 495 (Table) (3d Cir. 2001). Moreover, the cases on which *Williams* relies for the cited proposition are not necessarily directly on point. *See Jung v. Nationwide Mut. Fire Ins. Co.*, 949 F. Supp. 353, 359 (E.D. Pa. 1997) (holding that, when insurer reasonably, albeit incorrectly, believed that insured relied on misrepresentations in its insurance application, a denial *on that basis* was not in bad faith); *Hyde Athletic Indus., Inc. v. Continental Cas. Co.*, 969 F. Supp. 289, 307 (E.D Pa. 1997) (holding that "an insurer does not act in bad faith by investigating and litigating legitimate issues of coverage" that it knew about).

Nonetheless, the weight of opinion among the District Courts of Pennsylvania supports the proposition in *Williams*. *See Serino v. Prudential Ins. Co. of Am.*, 706 F. Supp. 2d 584, 592 (M.D. Pa. 2009); *Oehlmann v. Metro. Life Ins. Co.*, 644 F. Supp. 521, 528 (M.D. Pa. 2007); *Livornese v. Med. Protective Co.*, 219 F. Supp. 2d 645, 648 (E.D. Pa. 2002), *rev'd on other grounds*, 136 Fed. App'x 473 (3d Cir. 2005); *Lites v. Trumbull Ins. Co.*, 2013 WL 5777156, at *5 (E.D. Pa. 2013); *MP III Holdings, Inc. v. Hartford Cas. Ins. Co.*, 2011 WL 2604736, at *16 (E.D. Pa. 2011); *Ski Shawnee, Inc. v. Commonwealth Ins. Co.*, 2010 WL

6

2696782, at *5 (M.D. Pa. 2010); *Robbins v. Metro. Life Ins. Co. of Conn.*, 2008 WL

5412087, at *7 (E.D. Pa. 2008); *Wedemeyer v. U.S. Life Ins. Co. in City of New York*, 2007

WL 710290, at *9 (E.D. Pa. 2007); *Meyer v. CUNA Mut. Group*, 2007 WL 2907276, at *12

(W.D. Pa. 2007); *Bell v. Allstate Ins. Co.*, 2005 WL 1353527, at *5 (E.D. Pa. 2005); *Burrell v.

United Healthcare Ins. Co.*, 2001 WL 873221, at *3 (E.D. Pa. 2001); *but cf. Shannon v. New

York Cent. Mut. Ins. Co.*, 2013 WL 6119204, at *3 (M.D. Pa. 2013) ("Given the remedial

purpose underpinning the Bad Faith Statute, we are not persuaded that permitting an

insurer to evade its statutory obligation due to some fortuitous fact to which it was oblivious

is consistent with the legislature's intent.").

      This near unanimity of opinion among the District Courts heavily supports the validity

of *Williams*'s interpretation of *Terletsky*.  While this Court is aware that its obligation, "when,

as here, the highest state court has not yet authoritatively addressed the critical issue," is to

predict "how the state's highest court would decide were it confronted with the problem,"

*McKenna v. Ortho Pharm. Corp.*, 622 F.2d 657, 661 (3d Cir. 1980), and not simply to follow

the opinion of a majority of federal district courts, the fact that no serious attempt has been

made in the fourteen and a half years since *Williams* was decided, either on the state or

federal level, to undermine its holding, and that, on the contrary, nearly every case that has

cited to it has done so favorably, indicates that the Court at the least overly simplified the

legal landscape when it stated that Defendant would have to show that some ambiguity in

the law subjectively influenced its decision in order to defeat a bad faith claim.

Nonetheless, the Court does not believe that a Motion for Reconsideration from a

decision on a Motion for Judicial Notice is the appropriate forum to decide this issue,

especially when a determination of the applicability of *Williams* was not necessary to a

disposition of the original Motion. Accordingly, the Court will reconsider its previous opinion

only insofar as it will strike the following language:

> Second, even if these "facts" were indeed "adjudicative facts," for the Court to
> judicially notice them would not materially advance the resolution of the
> underlying issues, considering that the record is bereft of evidence that the
> ambiguities cited in any way motivated Defendant's conduct.
>
> > To establish bad faith under [42 Pa. C.S.A. §] 8371, [the Pennsylvania
> > Superior] Court has utilized a two-part test, both elements of which
> > must be established by clear and convincing evidence: (1) the insurer
> > lacked a reasonable basis for denying coverage; and (2) the insurer
> > knew or recklessly disregarded its lack of a reasonable basis.
>
> *Adamski v. Allstate Ins. Co.*, 738 A.2d 1033, 1036 (Pa. Super. Ct. 1999)
> (citing *Terletsky v. Prudential Prop. & Cas. Co.*, 649 A.2d 680 (Pa. Super. Ct.
> 1994)).
>
> Accordingly, even assuming that ambiguity in the law would create a
> reasonable basis for withholding coverage from Bodnar, Defendant would
> have to show that this ambiguity actually influenced its decision.  In other
> words, if Defendant actually acted unreasonably, it cannot escape bad-faith
> liability just because an ambiguity exists in a general sense which caused a
> lack of clarity or predictability in the applicable law. A showing that the
> Defendant considered the law ambiguous and that such ambiguity motivated
> or at least substantially influenced the decisions Defendant made in this case
> regarding whether to afford or deny coverage, and after initially denying
> coverage, whether to adhere to this decision and to support it through
> continued declaratory judgment litigation for the period prior to the settlement
> of the claim of Danielle Berry on behalf of the Estate of James Berry, are facts
> which must be determined. This Court cannot resolve these issues in whole
> or in part through a grant of judicial notice. This would be true even if the facts

that Defendant seeks to have judicially noticed were actually "adjudicative facts", which, as discussed above, they are not.

(Doc. 60 at 4-5.)

The Court will not at this time, however, go the extra step and hold that *Williams* controls as a matter of law. To do so would go beyond the scope of the Opinion which we are asked to reconsider, given that that Opinion concerned only the question of whether judicial notice was appropriate and concluded, on alternate grounds which remain valid, that it was not. This is not to say that Defendant is precluded from arguing that *Williams* controls as a matter of law. But such arguments must be raised and decided elsewhere.

### b. Burden of Proof

Next, Defendant objects to the Court's statement that "[e]ven assuming that ambiguity in the law would create a reasonable basis for withholding coverage from Bodnar, *Defendant would have to show* that this ambiguity actually influenced its decision," (Doc. 60 at 4 (emphasis added)), because this statement "would seemingly indicate that this Honorable Court has adopted the view that Defendant has a burden to prove that it acted reasonably," (Doc. 70 at 10). If so, then this Court would have departed from both Third Circuit and Pennsylvania authority—as well as centuries of common law—which holds that it is the Plaintiff who has the burden of proving his own claim.

This issue may be considered moot because the passages complained of have been stricken, for the separate reasons discussed above. However, because the principle of who

9

bears the ultimate burden of proof in a civil lawsuit will always remain an issue in every case, the Court finds it necessary to clarify its challenged statement.

Of course, the Court is well aware that a civil defendant may not carry the burden of disproving legal liability, as Defendant entreats. (See Doc. 74 at 9.) However, the quoted passage merely refers to what Defendant would have to prove to succeed on its own motion for judicial notice, and does not concern the ultimate burden of proof in a trial on the merits. The Court believes that this is clear from the context in which its statement was made. The statement occurs in the course of a discussion of the reasons why the Court would not judicially notice the "facts" requested in Defendant's Motion. In so discussing, the Court listed as "second" among these reasons the consideration that Defendant had not shown that the facts requested were relevant to the case at hand, because each "fact" (actually an assertion of legal ambiguity) could, in the Court's opinion at the time, only be made relevant—and therefore justify judicial notice—if Defendant could "show that this ambiguity actually influenced its decision." While the Court now retracts its categorical statement that these "facts" may as a matter of law only be relevant if they in fact influenced Defendant's decision, at the time that the Court issued its Opinion, the principle invoked—that the moving party bears the burden of proof in establishing the relevance of its own Motion— remains valid.

Accordingly, the Court will not reconsider this issue.

### c. Interlocutory Appeal

Finally, Defendant requests that, if the Court does not grant its Motion, it be allowed

an interlocutory appeal.  An interlocutory appeal is appropriate:

> [w]hen a district judge, in making in a civil action an order not
> otherwise appealable under this section, shall be of the opinion that
> such order involves a controlling question of law as to which there is a
> substantial ground for difference of opinion and that an immediate
> appeal from the order may materially advance the ultimate termination
> of the litigation . . . .

28 U.S.C. § 1292(b).

Here, the Court finds that, though it only granted a portion of Defendant's Motion, its

disposition of that Motion nonetheless renders an interlocutory appeal unnecessary.  The

Court has stricken the passage that could be regarded as a misstatement of existing law.

Moreover, the Court does not believe that the principle that the moving party bears the

burden of proof to succeed on its own motion presents "a substantial ground for difference

of opinion."  Accordingly, to the extent that Defendant's request for an interlocutory appeal

has not been rendered moot by this Opinion, such request is denied.

### V.   Conclusion

For the foregoing reasons, Defendant's Motion for Reconsideration (Doc. 62) is

**GRANTED IN PART AND DENIED IN PART**.  A separate Order follows.

Robert D. Mariani
United States District Judge

11