## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STEPHEN BODNAR, et al.,** | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | **3:12-CV-01337** |
| | : | **(JUDGE MARIANI)** |
| **AMCO INSURANCE CO.,** | : | |
| | : | |
| **Defendant.** | : | |

## ORDER

**AND NOW, THIS 11TH DAY OF JULY, 2014**, upon consideration of Defendant's

Motion for Reconsideration of the Court's October 15, 2013 Opinion (Doc. 62), **IT IS**

**HEREBY ORDERED THAT** such Motion is **GRANTED IN PART AND DENIED IN PART**, to

wit:

1. The following passages are **STRICKEN** from the Court's October 15 Opinion (Doc.

   60 at 4-5):

   > Second, even if these "facts" were indeed "adjudicative facts," for the
   > Court to judicially notice them would not materially advance the
   > resolution of the underlying issues, considering that the record is bereft
   > of evidence that the ambiguities cited in any way motivated
   > Defendant's conduct.

   > To establish bad faith under [42 Pa. C.S.A. §] 8371, [the
   > Pennsylvania Superior] Court has utilized a two-part test, both
   > elements of which must be established by clear and convincing
   > evidence: (1) the insurer lacked a reasonable basis for denying
   > coverage; and (2) the insurer knew or recklessly disregarded its
   > lack of a reasonable basis.

*Adamski v. Allstate Ins. Co.*, 738 A.2d 1033, 1036 (Pa. Super. Ct. 1999) (citing *Terletsky v. Prudential Prop. & Cas. Co.*, 649 A.2d 680 (Pa. Super. Ct. 1994)).

Accordingly, even assuming that ambiguity in the law would create a reasonable basis for withholding coverage from Bodnar, Defendant would have to show that this ambiguity actually influenced its decision. In other words, if Defendant actually acted unreasonably, it cannot escape bad-faith liability just because an ambiguity exists in a general sense which caused a lack of clarity or predictability in the applicable law. A showing that the Defendant considered the law ambiguous and that such ambiguity motivated or at least substantially influenced the decisions Defendant made in this case regarding whether to afford or deny coverage, and after initially denying coverage, whether to adhere to this decision and to support it through continued declaratory judgment litigation for the period prior to the settlement of the claim of Danielle Berry on behalf of the Estate of James Berry, are facts which must be determined. This Court cannot resolve these issues in whole or in part through a grant of judicial notice. This would be true even if the facts that Defendant seeks to have judicially noticed were actually "adjudicative facts", which, as discussed above, they are not.

2. Defendant's Motion is **DENIED** to the extent that it requests reconsideration of the issue of burdens of proof in a civil case.

3. To the extent not already rendered moot by the above rulings, Defendant's request for an interlocutory appeal is **DENIED**.

4. All other portions of the Court's October 15 Opinion not explicitly referenced herein, including its ultimate holding denying the Motion for Judicial Notice, **REMAIN IN EFFECT**.

2

Robert D. Mariani
United States District Judge